We proceed to the next case, St. John's Homebound Care v. The Workers' Compensation Commission, 5100101. Counsel, please. May it please the Court, Mr. Kirkpatrick, my name is Ken Wirtz and I represent the appellant, St. John's. My argument really is very brief. The facts are very simple in this case and I tried to keep them that way. We both tried to keep them that way because we both understood the issue. A commute to work is not unique. This lady was commuting to work at the time of her accident. She was working at a fixed location and had done so for weeks. There was no indication from the evidence presented that she would not have continued working there for weeks. The accident location was 11 miles from her home. She was driving directly to the place that she worked at the time her accident occurred. So just to move it along, I think we would agree, at least I would agree, that accidents that occur when the employee is going to or from his or her place of employment generally would not arise out of the course of employment and would not be compensated. I don't know that your colleague or your opponent would dispute that. However, there is an exception where one is classified and the evidence establishes that she is a traveling employee. Is it not? There is. She is not clearly a traveling employee. My argument is no, that she is not. Tell us why she is not a traveling employee. She is not a traveling...well, first of all, let me say this, Justice Hudson. I think it's really important in our case analysis, and this is true not only in this case but every case, that we hone in on what the facts and circumstances were at the time of the accident or injury. When we do that in this case, what the facts were was this lady was driving to a single job at a fixed location. That day. Generally her duties are that she is assigned to different locations, correct? And for weeks. And for weeks. The reason why I say I think we need to pay close attention to what the exact facts are, because if we don't, we can create, I think, some aberrant case law. Well, is anybody really disputing the facts? No, the facts are undisputed. I think we know the facts. We're honed in on the facts. It's very simple. Tell us why she was not a traveling employee. She was not a traveling employee because she was driving directly to a job at a fixed location that she had had for an extended period of time, and then she drove home from there, a job 11 miles from her home. And to be more specific, when you look at all of the cases that have been cited, whether they're Urban, Bradley Printing, Swift, Illinois Publishing, Hoffman, Robinson, none of them involved an accident that was occasioned on a day where an individual was driving to one fixed location and had been for a period of time. Would you say that factually this case would be more similar to a construction worker working on a project that maybe some months, and quite frankly, working out of a union home? Well, Justice Holdridge, I'm glad that you asked that. I didn't know whether I'd share this or not, but I'll share my own personal experience. When I was in college, I was a union laborer, and that's what I did during the summer. In fact, I did that for two years before I went to law school because I couldn't pay for law school. I was in Champaign. I worked out of a local 703. I would get called out on a job for Champaign Asphalt, and they'd say, we need you to be at mile marker 200 on Monday morning to start preparation of the road for resurfacing. I would be there with a number of other laborers where we would go, we would park there by the highway along with operators and iron workers. We'd work there for weeks or maybe a month depending on the weather. We'd prepare the road, the road would be resurfaced, and the superintendent would say, we need you now on Monday to be at mile marker 210 because we are now moving down the highway to work on that section of the road. I probably drove about 10 miles to those two places. Am I a traveling employee? I could not deduct that mileage under IRS. That's not a traveling employee. What's the rule? You say you're an employee who's been going to the same place for an extended period of time. Is three days enough? Five days enough? Let's say most of the time this lady went to several different places each day, but for a week she goes to one place. Is that the kind of extended period of time that makes her not a traveling employee on the day of the accident? What's the rule then if we adopt what you're talking about? I don't know if you have to state a time frame for it. I think that you would distinguish the cases that have been cited from the facts of the case. And the distinguishing characteristic is simply that she only had one job and one job location and was only traveling for that one job and that job location on that day. However, having said that, I think the reality of employment out there in the real world is that you could be a traveling employee for even a portion of it, as this lady was on occasion at some point in time in the past. And this employer actually reimbursed this lady in the past whenever she had two jobs in a day and she would go from job A to job B. They reimbursed her mileage. They paid her wages. So that's why I say I think we have to look at the specific facts of the case to come up with a right rule of law. Otherwise, we could create law here that's so broad that we're going to bring in now claims where a simple commute can be considered a traveling employee. Well, I see where you're going in that, but you were saying in the past, because I guess we're assuming or agreeing that the state of the law is if you're classified as such a traveling employee, it's from the time you leave your home. Okay. But in the past, her history had been, would you concede a traveling employee under your analysis? Without question, there were times in the past when this lady is a traveling employee. What I'm trying to get across is because that's true of in the past, that doesn't make one a traveling employee for all purposes forever in the future. And we should not adopt that rule. That would be a bad rule of law to adopt because it would run counter in cases to what the facts actually are that surround the accident. I'm sorry. Doesn't it make more sense to look at the overall requirements of her job to determine whether she's a traveling employee and then if she is, then that's the rule that applies? I think that if you do that... You've got a moving target here otherwise. Right. And it's because of that moving target, to use your phrase, that I think it's so critical that we really look at the facts and the circumstances surrounding the accident and, you know, what the reality was at that time. And whether you look at just that day, I don't think so. But when you look at a matter of weeks without any evidence that this would not have continued to be her only job, her only location, that's an easy case. You're bringing up maybe a more difficult circumstance. And I think that that then becomes, as you say, what we mean by fixed location. Well, and implicitly, aren't you still saying, by whatever decision is crafted under these facts under the law, that you're still having some type of time standard? You're engrafting a time standard onto the definition of traveling employee, to be specific. Urban, as you know, says a traveling employee or employees whose work requires them to travel away from their employer's office. There's no question here at all beyond the argument that Profanus, under that definition, started out as a traveling employee. You're saying, let's hone in specifically on what happened. On this occasion, she was assigned to a specific location. Correct. That can happen under the definition of any traveling employee. My question to you is, is there any evidence that she was assigned there indefinitely? Because then you might have a point. Well, her testimony, and I'll have to look at it, was that she had been working for this gentleman for weeks over an extended period of time. And that, I'm trying to find it here, that it was not uncommon for her to have clients for a long time that she would take care of. While we didn't go into it, I presume these people have medical problems or they're elderly. But she wasn't going to be working there permanently, was she? Was that the intention? I'm sure that was not true. I'm sure either the gentleman that she was taking care of, either he would have recovered from the physical ailment he had that required the home care, or he was elderly and eventually, of course, he would not need that service anymore. But let me finish. In urban, that individual had gone to more than one location that day. None of the cases that are cited are where somebody had traveled, what I'm going to say is commuted, to a single location. I'll grant you a traveling employee may today go to a single location, Springfield, traveling salesman. Tomorrow, I go to Chicago, single location. I understand that. And there are some cases that we have cited for you where that's the situation. But those are salesmen who do it all the time. They're always going to different locations. That wasn't true here. And that day, it was true. It wasn't true. Well, for weeks, it had not been true. But that's where Justice Stewart was bringing up that perhaps one must look at the job description and look at the overall context within which the claimant is working within. Because we could have an IBM traveling employee that's similar to your situation with the road, that's at a site putting in a mainframe, they still have those anymore, in a company that would be a six-week, seven-week assignment, so to speak. Does that take him or her out of the classification during that time period? I agree that you need to look at the job and what the job entails. I agree with that. But I disagree that because perhaps you were a traveling employee, let's say a salesman, that gentleman that you just talked about, that he then remains that forever. Job descriptions can change. This lady's job description changed. She was not going to multiple locations. How do we know that? I mean, suppose this patient died the day after this incident. She would have been assigned someplace else. It's speculation. It's total speculation what would have happened in the future on this job. And again, I agree. That's why if we don't want to create bad law, we have to hone in on what the facts and circumstances were that were surrounding the accident on this job that she was doing. Anybody who was assigned a specific location, according to your argument, could not ever be a traveling employee. They could be traveling 29 days out of the month in different locations, but if they get assigned to a specific location for an indefinite period of time, an indefinite period of time, under your argument, they can't be a traveling employee. For that location. Right. For the other travel. For that location, no. For a case law that says that. No, but that's what I'm, well, there is, when you read all of the cases together, a traveling employee, I see my time's about up, a traveling employee is somebody, and all the cases say it is where somebody makes travel to multiple locations, not a single location. To answer your question, I think that person could be, oh, when you're going to a fixed location for an extended period of time, you're commuting there. If your employer says, now we need you to go to Chicago the next day, and you go, you're traveling there. And that's just the reality of the workplace. If we don't stay focused on the facts and what the reality of the workplace is, we're going to create a rule like this that's going to bring in a lot of cases that this court has never previously recognized as compensable. It's really almost a positional risk thing. Your employer told you you had to commute to work. Now that's compensable. Well, the whole creation of this exception of traveling employees, which has been crafted decisionally, is based on some policy. I mean, it's based upon something other than positional risk, where we've come up with a rationale, let's call it, so to speak, that takes us out of your argument that we're into positional risk. Is it foreseeability and all of those other factors? I'll briefly respond when the time's up. In regard to the foreseeability, of course her commute to work was foreseeable. Everybody's commute to work was foreseeable. So that standard doesn't help us. And the policy is that typically because of travel being required, you're placed at some increased unique risk. And I ask you, what increased unique risk was this lady placed at, traveling 10 miles from her home to work? Counsel, you'll have time on rebuttal to respond further. Counsel, please. Please report, counsel. My name's Eric Kirkpatrick, and my office represents the petitioner. The facts in this case are simple, as counsel indicated. But one of the facts that I want to point out that I think is important, this lady didn't get to choose where she went to work every week. She's not like myself, she's not like Mr. Works. She didn't go to a particular office every week. Where she was to work was completely determined by her employer. She didn't have that choice. Now, let's think about what business this respondent was in. They're making money from sending nurses out to do home health care. They're the ones who are benefiting from somebody who is willing to have their employment, the place that they go to work every week, dictated by an employer. Counsel mentions this idea of the traveling employee has to go to multiple locations. I don't think so. That's not what the law says. I think that's clear. His point has some, perhaps, superficial appeal. What he seems to be saying, if I'm perceiving it correctly, is you can be – she could be a traveling employee, except if she gets assigned to a specific location on a specific schedule for an extended or indefinite period of time, would she then lose her status as a traveling employee during that specific assignment? What is your answer to that? My answer to that is that she would not, because you look at the test that was outlined in Urban, which was well-reasoned and based on Swift, Illinois Publishing, and Hoffman, and that is whether she's a traveling employee is determined by the general, overall, as my learning colleague suggested, big picture of what the general job description is of the person as opposed to their specific assignment at a given period of time. That's exactly right. This lady travels for the benefit of the employer. If she was told the next day to be somewhere else or the next week to be somewhere else, she wouldn't have that option of saying, no, I'm staying here and helping this gentleman. She wouldn't have that option. She signed up to be a traveling nurse. They hired her to be a traveling nurse. This is a risk that they take when they assign a traveling nurse. Otherwise, why wouldn't they just have one nurse for this person all the time, one person for this person all the time? They're traveling. Go ahead. When you say they take the risk, what do you mean? Who's that? I mean, the employer knows that this person is going to be on the road. This is the demand of their employment is for this lady to be traveling from place to place. Okay. I mean, because the person, under the rationale for creating this traveling employee concept, is that the risk is the claimant's risk is greater than that of the general public. The claimant's risk. That's who's taking the risk. Yes. We're making that compensate. What I was saying is the employer is acknowledging that this person is traveling from place to place. It's not like DASTRS, which I don't agree with, where the person's just driving to the school where they work. It's not the same. Council says we don't need to make a broad rule because it brings in everything. I think it's just the opposite from listening to the questions and listening to what Council was arguing. This matter is kept very simple. If you look at, to determine whether they're a traveling employee, if you keep the test as outlined in Urban, which is whether the employee's travel is determined by the demands of her employment, and then if you look to not Warrant, but to the Robinson case, it simply looks to determine whether the injury arises out of the employment. Under Robinson, you simply look at the reasonableness of the conduct and whether it might be anticipated and foreseen. That keeps it simple. If we go to a system where this court makes a rule for this traveling employee because he, you know, it's compensable because this traveling employee only worked here at one place three days, but this guy over here, this case isn't compensable because he went to the same place four days in a row, and you start going down a path like that, you are going to have all kinds of litigation. There will be no rule. His definition is too narrow. He's trying to define the traveling employee in a given assignment based on how long they were at a specific location. You're saying you've got to look at the general overall job description. You can't determine it by how many days they were assigned to a specific location. I think then you will have a flood of litigation coming in, and you'll be narrowing down to days and hours and places. What about the true traveling salesman who travels all over the place? What if he goes to a place, the same site, three days in a row? I'm going to decide to make a rule at some point that three days makes him not a traveling employee. But your theory is taking it to extremes. Once a traveling employee, always a traveling employee. I think so. I think you look at the demands of the employment. What about the construction superintendent who is assigned to a construction site for two years? I'll take you on that one. I had a case. He's a traveling employee? Frank Eaton v. Industrial Commission. I had it in about 1997. It was determined by the commission to be compensable. He was an iron worker from DuPoint. I forget who he worked for. But that case was self-compensable. He went to the same spot. It was four weeks. Had an automobile accident on the way. I don't recall. It was either a Rule 23 order or it didn't go to the appellate court and settle. That was compensable. But if you look to the terms of the employment, I mean, in another case, maybe the traveling salesman is then assigned to a specific location. But his terms of employment have changed then. Do you understand what I'm saying? Yes. We're now going to make you the manager of X division and you're going to work at Springs-Mid-San Lloyd. Well, then you're still looking at the terms of his employment. But they've changed to where he works in one location. Correct. So you're saying if Mr. Wertz had been injured going to mile marker 221, you would have taken his case? I would have taken his case. I don't have anything further to add. Thank you. Counsel Rebuttal. Thank you. To say that once a traveling employee, always a traveling employee, is going to create problems. Because it will result in being divorced from the facts. It's inevitable. I don't think anybody is saying that until the terms of employment change. If there's a reassignment and the job description changes, that would be something different. Do you understand what I'm saying? As opposed to looking at time. I agree. The amount of time. I agree. And again, Justice Stewart, that's why I say let's be careful and look at the facts in each one of these cases. And when we talk about somebody's job description changing, that doesn't have to be done because they called in Ms. Trifonis and they said, okay, your job description is changing now. We're just sending you to this one client. That doesn't have to happen that way. It can happen because it happens. Which is just what happened here. She was now working at only a fixed location. And I would just point out in regard to Ervin. Ervin involved an individual being at multiple locations. And if an individual is a traveling salesman and he typically travels throughout the country, he's a traveling employee. Those aren't the facts of this case. Mr. Kirkpatrick mentioned Robinson. Robinson, the employee, was compensated. Or his expenses of travel were reimbursed again. I'm not saying that we should change that law either. We recognize that if the employer provides the means of travel, either through reimbursement for the travel or providing the actual transportation, that then they're in the course of their employment. And I'm not saying that Robinson should be decided differently. His expenses were paid. And, in fact, I point out that of the other cases that have been cited, the only publishing case, it's the same thing. Travel expenses were reimbursed. And the same thing is true of Swift. In fact, I think in Swift the automobile was fined in that case. So those cases are all distinguished. But here we don't have her being reimbursed for the visit to the first site. No. She was not. Or being reimbursed from the return home from the last site. Right. She was not. And she, in fact, understood that. It was her own vehicle. And she was paid hourly. And she wasn't being paid hourly until she arrived at work, which, going back to my example, is the same thing true with me. When I arrived on that job site at 8 o'clock, I was on the clock until I left at the end of the day. Counsel, you suggested, and I think it's a good point, we should avoid creating a rule that would be difficult to apply to different cases. However, if somebody is a true traveling employee, let's say for a period of a year traveled to a different site every day, and then they get assigned a happenstance of a specific location, how many days are they supposed to be at the location before they lose their status as a traveling employee? And is that not then, in essence, ironically enough, a difficult standard for us to apply? Right. They would, if their job status had changed, so that they were then working at a fixed location for an extended period of time and I really do not believe that the court should say 10 days, one month. Well, how do we define, the first question is going to be in the next case, is how do we define an extended period of time? Is that any less enforceable than what you're arguing against? What it is, is more of a reflection of what true reality is and I would ask you not to throw up your arms and say this is too difficult for us, we can't do this. We as practicing attorneys can't sort this out. So we're going to ignore the reality and make it easy. You were a traveling employee when you were hired 20 years ago. Even though you're not going now to different locations, your job doesn't require it. Let's just make it easy. You're just a traveling employee forever. You just said, just now you said that your job doesn't require it. If the requirements of the job, that the specifications of the job have changed, it's a different story. It could be. It could be. It could be. That's right. And I'm not advocating I agree with you. And what I'm saying is with this lady, at this time, the requirements of her job were, without question, to go to one location, which she had been doing for weeks, and there's no evidence in the record that she wouldn't have continued doing it for weeks. And I think, again, we have to try not to create a barren case law that then becomes a problem for us practicing. Let's focus on the facts and circumstances that surround the accident that we have and do our best in applying a lot of that situation. And if you do, I think you'll agree that this lady was not a traveling employee because she was really not at any unique or increased risk in what she did, and that's really what the traveling employee doctrine tries to address. Thank you, counsel. The clerk will take the matter under advisement for disposition.